McKinney, J.,
delivered the opinion of the court.
The judgment must be arrested in this case. There is no authority of law for maintaining such an action in the name of the Governor. In his official capacity, he is not, and cannot be, injured by a breach of the condition of the sheriff’s bond, and, therefore, in such capacity, can maintain no action thereon. By the act of 1777, chap. 8, sec. 2, it is provided that the penalty of the sheriff’s bond shall be payable to the Governor and his successors; and that, “upon a breach of the condition of such bond, the party or parlies injured, may maintain an action thereon, and that such bond shall not become void on the first recovery, or upon judgment given for the defendant, but may be put in suit, and prosecuted from time to time, until the whole penalty shall be recovered.”
Under this statute the practice was, in case of breach of the condition of the bond, to the injury of a particular person, to procure an assignment of the bond to such person, by the Governor, and to institute suit thereon, in the character of assignee.
But by the act of 1835, chap. 16, § 1, it is provided that, “In all suits hereafter brought upon sheriff’s bonds, in this State, it shall and may be lawful for the party or parties injured, by reason of the breach of the conditions of said bonds, to insti *274 tute suits thereon, in the name of the Governor of the State, for his or their use, and to make profert of a copy of said bond in the declaration.
From these statutory provisions, and from the nature of the case, the proposition that the Governor,in his official character cannot, and that none other than the party injured (by reason of the breach of the condition of the sheriff’s bond,) can maintain an action thereon, is too obvious to require either argument or illustration.
Judgment arrested.